UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG L. WRIGHT, Special
Fiduciary for A.S., a protected
minor,

        Plaintiff,	No. 13-15291

v.	District Judge Paul D. Borman
    Magistrate Judge R. Steven Whalen[MC
PNC FINANCIAL SERVICES GROUP,
INC., METLIFE, INC., STACI SUTHERBY-
HURD, and HOWARD T. LINDEN,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff originally filed this case in the Probate Court for Genesee County, Michigan. On December 31, 2013, Defendant MetLife, Inc. ("MetLife") removed the case to this Court based on federal question jurisdiction, pursuant to 28 U.S.C. § 1441(b). On February 20, 2014, the Court dismissed Defendant MetLife with prejudice, pursuant to a stipulation by Plaintiff and MetLife [Doc. #16]. On February 21, 2014, the Court similarly dismissed Defendant Howard T. Linden [Doc. #17]. The remaining Defendants are PNC Financial Services Group, Inc. ("PNC") and Staci Sutherby-Hurd ("Sutherby-Hurd"), and the remaining claims are all based on Michigan law.

Before the Court is Plaintiff's Motion to Decline Supplemental Jurisdiction and to Remand to Genesee County Probate Court [Doc. #15], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

I.   FACTS

As an employee of the General Motors Corporation, Nathan J. Sutherby was provided a group life insurance policy issued by MetLife.  His minor son, A.S. was the beneficiary of that policy. *Complaint* [Doc. #1],  ¶ 12.  Mr. Sutherby died on December 6, 2010, and on January 25, 2011, the Genesee County Probate Court appointed Staci Sutherby-Hurd, A.S.'s mother, conservator for A.S.  Sutherby-Hurd was represented by attorney Howard T. Linden. *Id*.  ¶¶ 12-15.

Both the Order Regarding Appointment of Conservator and the Letter of Conservatorship issued to Sutherby-Hurd provided as follows, in upper case type: "ANY FUNDS RECEIVED ON BEHALF OF SAID MINOR SHALL BE PLACED IN A RESTRICTED ACCOUNT AND PROOF FILED WITH THE COURT." *Id*.  ¶¶ 16-17.  On or about October 10, 2011, MetLife mailed Sutherby-Hurd a check in the amount of $176,887.79, payable to the Estate of [A.S.], a minor, Staci Sutherby-Hurd Conservator, representing the insurance proceeds on the life of Nathan J. Sutherby.  *Id*.  ¶ 23.  Plaintiff alleges that rather than depositing the funds is a restricted account, as ordered by the Probate Court, Sutherby-Hurd placed the funds in her personal account and made unauthorized expenditures totalling $110,408.36.  *Id*.  ¶ 25.

Genesee County Probate Judge Jennie E. Barkey appointed attorney Craig Wright as special fiduciary on behalf of minor A.S., and set the matter for a show cause hearing.  On July 26, 2013, Judge Barkey entered the following order:[1]

> "IT IS HEREBY ORDERED AND ADJUDGED that the special fiduciary, Attorney Craig Wright, shall file the necessary complaint to begin the process of recuperating the missing conservatorship funds.  Attorney Wright shall name as Defendants MetLife, PNC Bank, Staci Sutherby-

---

[1] Judge Barkey's order is contained in Exhibit D of Defendants' response [Doc. #21].

Hurd, and Attorney Howard T. Linden."

The MetLife insurance policy at issue was part of an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et. seq.* Because federal courts have original jurisdiction in ERISA cases, MetLife removed the case to this Court under 28 U.S.C. § 1441(b).  However, on February 19, 2014, Plaintiff and MetLife stipulated to the dismissal of the claims against MetLife with prejudice [Doc. #13], and the following day, February 20, 2014, the Court dismissed MetLife [Doc. #16]. The Plaintiff also filed the present motion to decline supplemental jurisdiction on February 20, 2014.

Defendants' Exhibit E contains email correspondence, dated February 19, 2014, between Plaintiff's counsel and Defendant Howard T. Linden's attorney. According to these emails, Mr. Linden's counsel refused to concur in the Plaintiff's motion to remand, adding, "On the other hand, we intend to file a motion to amend our affirmative defenses to include a claim of violation of Mr. Linden's right to equal protection based on the selective enforcement of the order as a guaranty of the performance of third-partied."  In answer to Plaintiff's counsel's question as to what state actor would bring the Fourteenth Amendment into play, Mr. Linden's attorney replied, "Given that your client was directed by the Genesee County Probate Court to sue Mr. Linden to enforce the Statement, he is acting under color of state law."

On February 21, 2014, the Court dismissed Mr. Linden by stipulation [Doc. #17].

## II.   LEGAL PRINCIPLES

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court held that a federal court has jurisdiction over state law claims when both the state claims and the federal claims "derive from a common

nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Id*., 383 U.S. at 725. *Gibbs* further held that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," *id.* at 726, and that a court's discretion should be informed by the values of judicial economy, convenience, fairness, and comity. *Id*. at 726-27.

Reflecting the holding in *Gibbs*, 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." 28 U.S.C. § 1367(c) sets forth factors to be considered in deciding whether to decline supplemental jurisdiction over state law claims:

> "**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> **(1)** the claim raises a novel or complex issue of State law,
>
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

In *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the Court held that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Cohill* also addressed the concern that a removed plaintiff might "be able to regain a state forum simply by deleting all federal-aw claims from the complaint and requesting that the district court remand the case." *Id*. at 622. *Cohill* held that in such case, the court could properly factor manipulative forum-

-4-

shopping tactics into the decision to remand:

> "A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id*.

## III.   DISCUSSION

An examination of the factors set forth in 28 U.S.C. § 1367(c), as well as the circumstances surrounding the dismissal of the ERISA claim, augur in favor of this Court retaining pendent jurisdiction of the state law claims.

### A.   Novelty or Complexity of Issue

The first § 1367(c) factor asks whether the case involves a novel or complex issue of state law. As to the two remaining Defendants, Plaintiff brings a claim of breach of fiduciary duty against PNC (Count III) and Sutherby-Hurd (Count IV). As Defendants point out, the judges in this district are not unfamiliar with breach of fiduciary claims, having addressed that issue in numerous cases. *See, e.g., Abo-Hassan v. Gold Star Mortg. Financial Group, Corp.*, 2013 WL 249603 (E.D. Mich. 2013)(Cohn, J.), citing *Heaton v. Bank of America Corp.*, 2011 W.L. 3112325 (E.D. Mich. 2011); *Ford Motor Co. v. Ghreiwati Auto*, 945 F.Supp.2d 851 (2013). The conversion claim against Sutherby-Hurd (Count V) is similarly pedestrian.

Concerning PNC, the Plaintiff alleges a violation of M.C.L. § 440.3307(2)(b)(iii).[2]

---

[2] This statute provide as follows:

> (2) If (*i*) an instrument is taken from a fiduciary for payment or collection or for value, (*ii*) the taker has knowledge of the fiduciary status of the fiduciary, and (*iii*) the represented person makes a claim to the instrument or its proceeds on the basis that the transaction of the fiduciary is a breach of fiduciary duty, the following rules apply:

This too has been addressed in federal court, although not in a way favorable to the Plaintiff.  *See In re Independence Capital Corp.*, 181 Fed.App'x. 524 (6th Cir. 2006)(§ 440.3307 may serve to invalidate a holder in due course defense, but does not create an independent cause of action); *Grand Rapids Auto Sales, Inc. v. MBNA America Bank*, 227 F.Supp.2d 721, 729 (W.D. Mich. 2002)(§ 440-3307 merely sets forth the "rules for determining whether a person taking an instrument has notice of the claim of a represented person that its fiduciary has committed a breach of fiduciary duty....").

Plaintiff also argues that the lack of Michigan decisional authority regarding M.C.L. §§ 700.5422 and 700.5427 supports his request for a remand to state court. However, no claims regarding those statutes appear anywhere in the complaint.[3] Furthermore, while Plaintiff is correct that there appears to be no authority directly addressing § 5422, the Michigan Court of Appeals in *In re Thomas Estate*, 211 Mich.App. 594, 536 N.W.2d 579 (1995), analyzed the predecessor statute, 700 M.C.L. § 700.483, which contains identical language.

The claimed novelty or complexity of the issues provides no basis to remand this case.

---

(b) In the case of an instrument payable to the represented person or the fiduciary as such, the taker has notice of the breach of fiduciary duty if the instrument is (*i*) taken in payment of or as security for a debt known by the taker to be the personal debt of the fiduciary, (*ii*) taken in a transaction known by the taker to be for the personal benefit of the fiduciary, or (*iii*) deposited to an account other than an account of the fiduciary, as such, or an account of the represented person.

[3] Section 5427 provides that if a court limits the power of a conservator, that limitation is to be endorsed upon the letters of appointment.  Sec. 5422 provides protection for "[a] person who in good faith either assists or deals with a conservator for value in a transaction" and further states that "a restriction on a conservator's powers that is endorsed on letters as provided in section 5427 is effective as to third persons," but "[a] person is not bound to see to the proper application of estate property paid or delivered to a conservator."

### B. Relationship to the Federal Claim

The question of whether the state law claims substantially predominate over the ERISA claim over which this Court had original jurisdiction is moot, given that the federal claim has been dismissed.

### C. Dismissal of all Federal Claims

Plaintiff and MetLife having stipulated to the dismissal of the ERISA claim, there are no federal questions remaining in this case. This factor favors a remand to state court.

### D. Exceptional Circumstances

There are no special circumstances that would commend remanding this case to state court. As discussed in the next section, however, there are circumstances that work in favor of this Court retaining jurisdiction.

### E. Forum Shopping

In *Cohill*, the Supreme Court held that district courts could guard against forum manipulation by considering "whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *Id*., 484 U.S. at 357. In this case, the facts suggest that the Plaintiff has engaged in rather blatant forum manipulation.

First, Genesee County Probate Judge Markey specifically ordered Plaintiff, as special fiduciary, to file suit against MetLife, among others. Because Plaintiff was seeking to recover benefits due under the MetLife policy, the Probate Court had jurisdiction to hear an ERISA claim pursuant to 29 U.S.C. § 1132(a)(1)(B),[4] and as a learned jurist with knowledge of the facts, Judge Markey would have been aware that a claim against MetLife would implicate ERISA. Clearly, Judge Markey sought to have

---

[4] An action to recover benefits pursuant to this section falls within the exception to § 1132(e)(1), which provides United States district courts with exclusive jurisdiction over ERISA cases, "[e]xcept for actions under subsection (a)(1)(B) of this section...."

this claim judicially reviewed, and by cutting a deal with MetLife to dismiss the ERISA claim, Plaintiff violated both the letter and the spirit of the state court order.

Plaintiff also violated Judge Markey's order when he agreed to dismiss Defendant Linden. The circumstances under which he dismissed Mr. Linden also raise an inference of forum manipulation. Plaintiff unsuccessfully sought Mr. Linden's counsel's consent to a remand. Significantly, Plaintiff did not dismiss Mr. Linden until immediately after counsel raised the possibility of asserting an affirmative defense based on Fourteenth Amendment Equal Protection. The timing is telling.

While the dismissal of all federal claims would ordinarily support a request for remand, the Plaintiff's forum shopping tactics should not be rewarded. This case typifies the concern expressed in *Cohill*, that "a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." *Id.*, 484 U.S. at 357. This Court should therefore exercise its discretion in favor of retaining jurisdiction, and denying Plaintiff's motion.

### IV. CONCLUSION

For these reasons, I recommend that Plaintiff's Motion to Decline Supplemental Jurisdiction and to Remand to Genesee County Probate Court [Doc. #15] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with

specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: September 17, 2014

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 17, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>
Case Manager to the<br>
Honorable R. Steven Whalen